UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **WILFRED MICHAEL STARK III**<br><br>*Plaintiff,*<br><br>v.<br><br>**HEATHER SWIFT,** *et al.*<br><br>*Defendants* | Civil Action No. 19-1010 |

**REPLY IN SUPPORT OF THE REPUBLICAN NATIONAL COMMITTEE,
THE NATIONAL REPUBLICAN CONGRESSIONAL COMMITTEE, AND
THE NATIONAL REPUBLICAN SENATORIAL COMMITTEE'S
MOTION TO DISMISS THE COMPLAINT FOR FAILURE TO STATE A CLAIM**

Plaintiff Wilfred Michael Stark sticks to the same script in his untimely Response to the Committee Defendants' Motion to Dismiss: speculate that the legal and allegedly illegal responses to his aggressive and "nakedly partisan" journalistic tactics are tied up in a shadowy conspiracy against him, yet ignore the ample cause he gave his many political "enemies" to oppose him independently. Response 4, 10, ECF 27 (entered July 3, 2019).[1]  Thus, Plaintiff's embellished retelling of the Complaint's conspiracy theory still makes no plausible allegation of an *agreement* to defame him—the *essence* of his civil conspiracy charge.

The Committee Defendants are named only in the civil conspiracy count, so the lack of plausible conspiracy allegations warrants their dismissal from this lawsuit. But Plaintiff's

---

[1] This Court's May 21, 2019 Order instructed Plaintiff to respond to the Committee Defendants' Motion to Dismiss by June 21.  ECF 23 ("If Plaintiff does not respond or does not ask for more time on or before June 21, 2019, then the court may grant the Motions and dismiss Plaintiff's Complaint as to the above-named Defendants.").  Plaintiff did not request more time, and the Clerk did not receive Plaintiff's Response until six days after that deadline.

Response ignores (and thus concedes) the other fatal defects in the Complaint. Among others, (1) he does not plausibly allege any defamation, period; (2) he does not allege the sort of outrageous conduct or severe emotional injury required to plead intentional infliction of emotional distress; and (3) his claims are mostly time-barred. Thus, the Court should dismiss the RNC, NRSC, and NRCC from the Complaint.

I. **The Court should not liberally construe Plaintiff's claims or expand the allegations in the Complaint.**

Plaintiff's Complaint should be dismissed like any other defective pleading filed by a licensed attorney. *See* MTD 4-5. Plaintiff admits that he is a licensed attorney. Response 1. Although Plaintiff asserts that he does not practice law, he does not dispute that he has the necessary qualifications.

On top of his own legal qualifications, Plaintiff insists that he will hire an attorney to litigate this case if the Court denies the motions to dismiss. Response 2. But a party that strategically delays hiring counsel until after the pleading stage should not be rewarded with a liberal construction of the pleadings. Plaintiff's claimed pro se status does not excuse the manifest flaws in his Complaint and should not buy him a ticket to discovery against his avowed political opponents.

Plaintiff's untimely Response also cannot expand the allegations in the pleadings. "It is axiomatic that a complaint may not be amended by the briefs in opposition to a motion to dismiss." *Coleman v. Pension Benefit Guaranty Corp.*, 94 F. Supp. 2d 18, 24 n.8 (D.D.C. 2000). So to the extent that the factual statements in Plaintiff's response exceed the allegations in his Complaint, the Court should disregard them.

II. **Plaintiff concedes most of the grounds for dismissal by failing to contest them.**

On the merits, Plaintiff failed to address most of the Committee Defendants' arguments for

dismissal.  "[W]hen a plaintiff files a response to a motion to dismiss but fails to address certain arguments made by the defendant, the court may treat those arguments as conceded, even when the result is dismissal of the entire case."  *Stephenson v. Cox*, 223 F. Supp. 2d 119, 121 (D.D.C. 2002).  Plaintiff thus concedes each of these points:

1. Plaintiff, who has a self-described "reputation for regularly producing unassailable high-impact accountability journalism" (Response 3) is a public figure for purposes of this case and thus must allege actual malice to state a claim for defamation.  MTD 8-10.

2. The Complaint fails to plead any specific and actionable defamatory statements.  MTD 10-12.

3. The use of Plaintiff's mugshot was not defamatory because it accurately represents Plaintiff's arrest history and its use was not malicious.  MTD 13.

4. Plaintiff does not allege any "outrageous" conduct or the sort of severe emotional distress required for a claim of intentional infliction of emotional distress.  MTD 14-16.

5. Claims relating to conduct before March 15, 2018 are time-barred.  MTD 16-17

Together, these undisputed points warrant the dismissal of all claims against the Committee Defendants.

**III.     Plaintiff's Complaint and Response do not plausibly allege the agreement required for a civil conspiracy claim.**

The bulk of the Response is merely an extended recitation of the same factual assertions in the Complaint, so there is still no plausible allegation that any of the Committee Defendants agreed to join any conspiracy to defame Plaintiff.  *See* MTD 5-8.

Plaintiff's Response all but admits he is speculating about an actual agreement between the defendants.  Rather than allege an actual agreement, Plaintiff insists that the events he described would not occur without a conspiracy, and that there were instances "when one might *presume*

3

communications would be exchanged." Response 12 (emphasis added). Plaintiff also alleges that an unidentified politician told him that an unidentified committee had an agreement limiting "harassment" on Capitol Hill, Response 8; other unidentified politicians "started asking Stark some pointed questions," Response 9; and one senator "disparag[ed] Stark's employer" and "reported Stark to the Capitol Police for merely asking questions," *id.*

But none of those allegations plausibly amount to *any* civil conspiracy to defame Plaintiff, let alone one involving the RNC, the NRSC, or the NRCC. Under *Bell Atlantic Corp. v. Twombly*, which concerned the pleading standard for conspiracies, a plaintiff must set forth "allegations plausibly suggesting (not merely consistent with) agreement . . . [a] statement of parallel conduct, even conduct consciously undertaken, needs some setting suggesting the agreement necessary to make out a" conspiracy claim. 550 U.S. 544, 557 (2007). Even in the expanded telling of these events, Plaintiff falls well short of this standard. Plaintiff admits that he was hired to be a "nakedly partisan" operative whose job was to "facilitate [Republican officeholders'] career transition to K-Street." Response 4. Plaintiff boasts of his effectiveness in this role. No conspiracy is needed to explain why Republicans and their aides would consider Plaintiff to be hostile to them and might independently seek to lawfully minimize his ability to do them harm. *See* Response 8 (alleging that the NRCC deployed "minders" to "warn members off engaging" with Plaintiff). Moreover, even if fellow party-members discussed Plaintiff and his bad-faith reporting tactics, *see* Response 4-5, that does not come close to an agreement to *defame* him.

In sum, Plaintiff's allegations of conspiracy are no more plausible than the normal operation of partisan politics. Plaintiff's hostile style of reporting was meant to bring him into conflict with many Republican candidates and officeholders. Response 4. The fact that he succeeded in that goal does not permit Plaintiff to make a federal case. Allowing these flimsy

allegations to survive would invite all manner of activists into court to scour their political opponents' records. Such plaintiffs would likely find such a fishing expedition worth their while whether or not it turns up any offenses against them.

## CONCLUSION

For these reasons and those in their Motion to Dismiss, the Committee Defendants should be dismissed because Plaintiff fails to state any claim against them.

Dated: July 9, 2019                                                      Respectfully submitted**,**

*/s/ Nathan R. Pittman*
Nathan R. Pittman
**McGuireWoods LLP**
2001 K Street N.W.
Washington, D.C. 20006
(202) 857-2469
npittman@mcguirewoods.com

Brian D. Schmalzbach
**McGuireWoods LLP**
800 E. Canal Street
Richmond, Virginia 23219
(804) 775-4746
bschmalzbach@mcguirewoods.com

*Counsel for the Republican National Committee, the National Republican Congressional Committee, and the National Republican Senatorial Committee*

**CERTIFICATE OF SERVICE**

I hereby certify that on July 9, 2019, the foregoing was filed with the Clerk of this Court via CM/ECF. All registered CM/ECF users will be served by the system. The foregoing was also served by first class mail to:

Wilfred Michael Stark III
2135 Grayson Place
Falls Church, VA 22043
*Plaintiff*

                                             */s/ Nathan R. Pittman*
                                                Nathan R. Pittman