UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WILFRED MICHAEL STARK III<br><br>    Plaintiff,<br><br>    v.<br><br>HEATHER SWIFT, et al.,<br><br>    Defendants, | Civil Action No. 1:19-cv-01010 (APM) |

**REPLY IN SUPPORT OF DEFENDANT THE DAILY CALLER'S MOTION TO DISMISS THE COMPLAINT FOR FAILURE TO STATE A CLAIM**

Plaintiff's untimely Reply to Defendants' Motions to Dismiss ("Plaintiff's Response")[1] does not rebut – or even address - any of the deficiencies raised by this Defendant in its Motion to Dismiss. ECF 22. This Court should therefore grant Defendant The Daily Caller's Motion to Dismiss.

The Court apparently received Plaintiff's Response on June 27, 2019 (ECF 27) and recorded it as filed on July 1, 2019. The Plaintiff, however, failed to provide this Defendant with a copy of his Response. See F.R.C.P. 5. This Defendant only became aware of Plaintiff's Response when, on July 3, 2019, the Court entered it on the case docket. Whether deemed filed on June 27 or July 1, Plaintiff's Response is untimely. Both dates are beyond the Court ordered

---

[1] Plaintiff labels his response "Reply to Defendants' Motion to Dismiss" rather than a response. This brief will refer to it as "Plaintiff's Response."

filing deadline. ECF 23.[2] Plaintiff did not request more time, and the Clerk did not receive the Plaintiff's Response until six days after the court's deadline. "If such a memorandum is not filed within the prescribed time, the Court may treat the motion as conceded." Local Civil Rule 7(b). The Court should do that here and grant Defendant's Motion to Dismiss.

Second, Plaintiff does not address any of the legal arguments[3] made by Defendant The Daily Caller in its Motion to Dismiss. Having failed to address those arguments, Plaintiff concedes all of the arguments made by this Defendant. "[W]hen a plaintiff files a response to a motion to dismiss but fails to address certain arguments made by the defendant, the court may treat those arguments as conceded." *Stephenson v. Cox*, 223 F. Supp. 2d 119, 121 (D.D.C. 2002) (quoting *Sparrow v. United Air Lines, Inc.*, 1999 U.S. Dist. LEXIS 22054, at 17 (D.D.C. 1999)). In any event, as Plaintiff did not attempt to rebut any of the arguments Defendant Daily Caller put forward in support of its Motion to Dismiss (ECF 22), it is not necessary for Defendant The Daily Caller to restate those well-founded arguments here but rather will incorporate them by reference.

---

[2] The Court's May 21, 2019 Order instructed Plaintiff to respond to The Daily Caller's Motion to Dismiss by June 21, 2109. ECF 23. (The Order contained the following additional instruction which is required because Plaintiff is appearing pro se: "If Plaintiff does not respond or does not ask for more time on or before June 21, 2019, then the court may grant the Motions and dismiss Plaintiff's Complaint as to the above-named Defendants.")

[3] The single reference to Defendant in the Plaintiff's Response is found in a hyperlink buried in footnote 18.

## CONCLUSION

For the reasons set forth above, Defendant The Daily Caller respectfully requests that this Court grant its Motion to Dismiss Plaintiff's Complaint with prejudice.

Respectfully submitted,

*/s/ Katherine I. Funk*
Katherine I. Funk, D.C. Bar No. 448587
Lewis Brisbois Bisgaard & Smith
2200 Pennsylvania Ave., NW, Ste. 400
Washington, DC 20037
Tel:(202) 558-0657
Fax:(202) 558-0654
Email: Katherine.Funk@lewisbrisbois.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 10th day of July, 2019, the foregoing was filed with the Clerk of this Court via CM/ECF. All registered CM/ECF users will be served by the system. The foregoing was also served by first class mail to:

Wilfred Michael Stark III
2135 Grayson PL.
Falls Church, VA  22043
*Plaintiff*

                                                    */s/ Katherine I. Funk*
                                                    Katherine I. Funk